# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

(Filed: June 10, 2026)

```
* * * * * * * * * * * *   *
ELIZABETH ANDREWS-PANNONE,   *
                             *        No. 24-1584V
         Petitioner,         *
                             *        Special Master Dorsey
v.                           *
                             *        Attorneys' Fees and Costs
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
         Respondent.         *
* * * * * * * * * * * *   *
```

Laura Levenberg, Muller Brazil, PA, Dresher, PA, for Petitioner.
Madelyn Weeks, U.S. Department of Justice, Washington, D.C., for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 4, 2024, Elizabeth Andrews-Pannone ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") and Bell's palsy as a result of a pneumococcal conjugate ("Prevnar") vaccination that she received on September 26, 2022. Petition at Preamble (ECF No. 1). On December 16, 2025, the parties filed a joint stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 34).

On April 9, 2026, Petitioner filed a motion for attorneys' fees and costs. Motion for

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Attorneys' Fees and Costs ("Fees App.") (ECF No. 39). Petitioner requests total attorneys' fees and costs in the amount of $45,616.66, representing $26,473.50 in attorneys' fees and $19,143.16 in attorneys' costs. Pursuant to General Order No. 9, Petitioner warrants that she has not incurred any costs in pursuit of this claim. Id. at 2. Respondent filed his response on April 22, 2026, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Id. at 5. Petitioner did not file a reply. The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART Petitioner's motion and awards a total of $40,564.16.**

## I.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  In this case, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

#### 1.  Reasonable Hourly Rates

2

Petitioner request the following rates of compensation for her attorneys: for Mr. Paul Brazil, $425.00 per hour for work performed in 2023 and $450.00 per hour for work performed in 2024; for Mr. Maximillian Muller, $450.00 per hour for work performed in 2024; and for Ms. Laura Levenberg, $400.00 per hour for work performed in 2024, $425.00 per hour for work performed in 2025, and $450.00 per hour for work performed in 2026. See Fees App. Ex. A. Additionally, Petitioner requests between $160.00-$190.00 per hour for work performed by paralegals from 2023-2026. See id. These rates are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### 2. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

### a. Administrative Tasks

The undersigned has reviewed the billing entries and finds the overall amount requested to be reasonable. However, a minor reduction is necessary for time billed for non-compensable administrative tasks, such as bate-stamping and e-filing documents. See Fees App. Ex. A at 8-13.[3] It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing documents and preparing documents for filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records is an administrative and non-compensable task). Accordingly, these tasks will not be reimbursed, resulting in a reduction of **$192.50**.

Petitioner is entitled to final attorneys' fees in the amount of $26,281.00.

### B. Attorneys' Costs

---

[3] The following dated billing entries reflect administrative charges based on the proffered descriptions of bate-stamping and e-filing documents: 10/4/24, 10/8/24, 10/30/24 (three entries), 8/28/25, 12/15/25, 12/17/25, 1/15/26, reflecting a combined total of $192.50 in non-compensable charges. Fees App. Ex. A at 8-13.

Petitioner requests a total of $19,143.16 in attorneys' costs, including the acquisition of medical records, postage, copies, and expert services provided by Omid Akbari, PhD for 32.4 hours of work performed in 2025, at a rate of $550.00 per hour, totaling $17,820. See Fees App. Ex. B. Dr. Akbari has been consistently (with a few exceptions) awarded a rate of $500.00 per hour for his work in the Vaccine Program. See Baker v. Sec'y of Health & Hum. Servs., No. 21-1869V, 2025 WL 1513417, at *4 (Fed. Cl. Spec. Mstr. Apr. 29, 2025) (listing cases in which Dr. Akbari has been awarded $500.00 per hour); Bristow v. Sec'y of Health & Hum. Servs., No. 19-457V, 2022 WL 17821111, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 15, 2022) (same); Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311, at *6 (Fed. Cl. Spec. Mstr. Feb 23, 2022) (same). Respondent urges the court to consider the hourly rate paid to experts who appear on behalf of Respondent ($375.00) when determining an appropriate hourly rate for Dr. Akbari. Response at 5. Petitioner argues, however, that an increased hourly rate of $550.00 reflects inflation and a reasonable yearly increase. Fees App. at 2. Other special masters, including the undersigned, have found these arguments unpersuasive and have maintained a $500.00 hourly rate for Dr. Akbari. See Bettinger v. Sec'y of Health & Hum. Servs., 23-1478V, 2025 WL 3267266, at *5 (Fed. Cl. Spec. Mstr. Oct. 27, 2025); Colon Mercado v. Sec'y of Health & Hum. Servs., No. 20-395V, 2025 WL 3689121, at *4 (Fed. Cl. Spec. Mstr. Sep. 18, 2025); Baker, 2025 WL 1513417, at *4-5 (Fed. Cl. Spec. Mstr. Apr. 29, 2025). The undersigned similarly concludes that $500.00 per hour remains a reasonable rate for Dr. Akbari's Vaccine Program work. Accordingly, Dr. Akbari's rate will be reduced to $500.00 per hour. This results in a reduction of **$1,620.00**.[4]

Additionally, the undersigned finds that a reduction in Dr. Akbari's hours is necessary. Fees for experts are subject to the same reasonableness standard as fees for attorneys. See Baker v. Sec'y of Health & Hum. Servs., 99-653V, 2005 WL 589431, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005); Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). The undersigned has reviewed Dr. Akbari's billing records and concludes that some of the time Dr. Akbari spent on this case was excessive, and thus unreasonable. For example, Dr. Akbari billed 2.6 hours on formatting figures, footnotes, and finalizing the report, 2.6 hours to "download and highlight" 36 references, and 0.6 hours to email the report.[5]   Fees App. Ex. B at 16. Dr. Akbari has previously been warned against billing for such tasks. See Williams v. Sec'y of Health & Hum. Servs., No. 19-1269V, 2024 WL 1253768, at *4 (Fed. Cl. Spec. Mstr. Feb. 28, 2024); Walters v. Sec'y of Health & Hum. Servs., No. 15-1380V, 2022 WL 1077311, at *6 (Fed. Cl. Spec. Mstr. Feb. 23, 2022).

Additionally, an expert may be compensated only for the number of hours reasonably expended by the expert. King ex rel. King v. Sec'y of Health & Hum. Servs., No. 03-584V, 2010 WL 5470787, at *4 (Fed. Cl. Spec. Mstr. Dec. 13, 2010) (indicating that counsel had a "duty to

---

[4] This amount is calculated as ($550-$500) x 32.4 hours = $1,620.00.

[5] The undersigned notes that Dr. Akbari's expert report was not submitted in this case. The undersigned suspended the parties' deadlines to file expert reports  on June 30, 2025, after Dr. Akbari completed his work in this case, but before Petitioner submitted the report. See Order granting Motion to Amend Schedule, filed June 30, 2025.

monitor the expert's overall fees to ensure that the fees remain reasonable"); Hines, 22 Cl. Ct. at 754 ("The special master is within his discretion in reducing hours that are duplicative, padded, spent on unrelated matters, or not 'reasonably expended.'") (quoting Griffin & Dickson v. United States, 21 Cl. Ct. 1, 11 (1990)). Here, Dr. Akbari billed approximately 19.7 hours for medical record and literature review. Fees App., Ex. B at 15-16. The undersigned finds that the amount of time Dr. Akbari billed for medical literature review and administrative tasks to be excessive. A review of Dr. Akbari's hours shows that his literature review covered subjects that he has frequently written about in prior expert reports in other cases in which the undersigned has adjudicated. Further, Dr. Akbari's hours have been previously reduced for excessive time spent reviewing medical literature. See Moenig ex rel. M.M. v. Sec'y of Health & Hum. Servs., No. 21-993V, 2026 WL 1229784, at *7 (Fed. Cl. Spec. Mstr. Mar. 23, 2026) (reducing Dr. Akbari's billed hours by 20% for administrative tasks and finding that the "roughly 19 hours" Dr. Akbari billed for medical literature review was excessive compared to the 10.3 hours billed by a different expert for a similar review); Cogan v. Sec'y of Health & Hum. Servs., No. 21-1847V, 2025 WL 2505545, at *6 (Fed. Cl. Spec. Mstr. July 24, 2025) (reducing Dr. Akbari's billed hours by 20% for administrative tasks and excessive billing to review medical literature); Walters, 2021 WL 3928993, at *7-8 (reducing Dr. Akbari's billed hours by 20% for excessive time spent reviewing medical literature); Reinhardt v. Sec'y of Health & Hum. Servs., No. 17-1257V, 2021 WL 2373818, at *5 (Fed. Cl. Spec. Mstr. Apr. 22, 2021) (same).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521. Accordingly, the undersigned finds that a 20% reduction to Dr. Akbari's time is reasonable, for a total reduction of 6.48 hours. The undersigned awards a total of $12,960.00[6] for costs associated with Dr. Akbari's work. This results in a further reduction of **$3,240.00**.[7]

The remaining costs requested in this matter appear reasonable and have been fully supported. Accordingly, Petitioner is awarded attorneys' costs in the amount of $14,283.16.

## II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

---

[6] This amount is calculated as (32.4 hours - 6.48 hours) = 25.92 hours x $500 = $12,960.00

[7] This amount is calculated as 6.48 hours x $500 = $3,240.00

| | |
|---|---|
| Attorneys' Fees Requested | $26,473.50 |
| (Reduction of Fees) | ($192.50) |
| **Total Attorneys' Fees Awarded** | **$26,281.00** |
| | |
| Attorneys' Costs Requested | $19,143.16 |
| (Reduction of Costs) | ($4,860.00) |
| **Total Attorneys' Costs Awarded** | **$14,283.16** |
| | |
| **Total Attorneys' Fees and Costs** | **$40,564.16** |

**Accordingly, the undersigned awards a lump sum in the amount of $40,564.16 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.